**R. Whitcomb KNUCKLES, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 99–SC–0613–KB.

Supreme Court of Kentucky.

Aug. 26, 1999.

Robert E. Cato, London, for Movant.

Reid Allen Glass, Kentucky Bar Association, Frankfort, for Respondent.

**OPINION AND ORDER**

R. Whitcomb Knuckles, of Pineville, Bell County, pursuant to SCR 3.480(3), has moved this Court to enter an order suspending her license to practice law in Kentucky for a period of ninety days. The Kentucky Bar Association has no objection to the motion.

KBA file # 3919

The Inquiry Tribunal issued a two-count charge against Knuckles in connection with KBA file # 3919 on October 13, 1994. The charge arose from her representation of a client in a personal injury claim. After achieving a settlement for the client, the insurance company issued a settlement check to her office in the amount of $24,-750.00. Knuckles claims that her secretary, who also had bookkeeping responsibilities, endorsed the settlement check without proper authorization and, without disclosing it, deposited the funds into the office operating account. Knuckles further claims that the secretary took affirmative steps to conceal her activities from

her and the client. Eventually, she asserts that without her knowledge, consent or authorization the secretary issued checks to the client which the bank did not honor. It was not until the client's new attorney began contacting Knuckles' office did she learn of the situation and rectify it. She states that upon advice of her own counsel, she did not discharge the secretary but did revoke her bookkeeping responsibilities.

In Count I, the Inquiry Tribunal charged Knuckles with violating SCR 3.130–5.3 by failing to supervise the secretary's handling of the client's settlement check. Count II charges Knuckles with violating SCR 3.130–1.15 by failing to ensure that funds belonging to the client were placed in an escrow account, and by permitting or failing to prevent the deposit of those funds into her office operating account.

### KBA file # 5001

The Inquiry Tribunal issued a two-count charge against Knuckles in connection with KBA file # 5001 on September 29, 1995. This charge, which is very similar in nature to the first charge, stemmed from Knuckles representation of a client in a workers' compensation case. After obtaining an award for the client, a check in the amount of $8,609.92 was transmitted to her office. Knuckles asserts that without her knowledge or consent, the secretary seized this check and deposited it into an out-of-state bank account not owned or controlled by her. Knuckles maintains that she advised the insurance company that she did not receive the check and states that she was led to believe that an investigation would be conducted concerning the issuance and status of the check. She further claims that the secretary denied knowledge of the check's issuance.

Subsequently, a stop-pay order was issued on the check and a new check was issued. Knuckles claims that despite her specific intentions to deposit the new check into her escrow account for distribution to the client, the secretary cashed the check

at a bank. After learning that the first check had been cashed, the insurance company issued a stop-pay order on the second check. Knuckles claims that while she was out of town, the secretary was notified that a representative of the bank would be sent to collect the money paid over the stop-pay order. The secretary attempted to make restitution by delivering a check to the bank drawn on the account of Knuckles' mother. Again, Knuckles claims that after learning of the situation she made restitution to all the parties. Ultimately, the secretary was indicted in circuit court for mishandling the settlement checks.

In count I, the Inquiry Tribunal charged Knuckles with violating SCR 3.130–5.3 by failing to supervise the secretary's handling of the client's workers' compensation checks. Count II charges Knuckles with violating SCR 3.130–1.15 by failing to ensure funds belonging to the client were placed in a proper escrow account, and by permitting or failing to prevent the misappropriation of those funds by her employee.

Knuckles admits the allegation of each count of the charges contained in KBA file # 3919 and # 5001 and alleges that her conduct as alleged in Counts I and II of the Charges in KBA file # 3919 and # 5001, constitutes unethical conduct. She now seeks to terminate this disciplinary proceeding by consenting to a suspension from the practice of law in Kentucky for 90 days. The KBA does not object to the motion by Knuckles for suspension of law for 90 days. Knuckles' admitted conduct constitutes a violation of the Rules of Professional Conduct as charged in both counts of each charge. It should be noted that on January 6, 1995, Knuckles was suspended from the practice of law for failure to complete Continuing Legal Education requirements and has yet to be reinstated by order of this court.

Therefore, the motion by Knuckles for suspension from the practice of law for

ninety days is granted. It is hereby further ordered that:

R. Whitcomb Knuckles is hereby suspended from the practice of law in Kentucky for a period of ninety days. The period of suspension shall commence on the date of entry of this order. As a condition of her suspension, she shall complete fifteen hours of qualified Continuing Legal Education credit in addition to that required by SCR 3.661 prior to reinstatement to the practice of law in this Commonwealth.

Pursuant to SCR 3.450 and SCR 3.480(3), Knuckles is directed to pay all costs associated with this disciplinary proceedings against her, said amount being $3,547.69 and for which execution may issue from this court upon finality of this opinion and order.

In accordance with SCR 3.390, Knuckles shall within ten days from the entry of this order, notify all clients in writing of her inability to represent them, and also notify all courts in which she has matters pending of her suspension from the practice of law, and furnish copies of said letters of notice to the director of the Kentucky Bar Association. Upon the issuance of said opinion and order, Knuckles shall immediately, to the extent possible, cancel and cease any advertising activities in which she is engaged.

All concur.

ENTERED: August 26, 1999

/s/ Joseph E. Lambert
Chief Justice